IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| D.R. Horton, Inc. | ) | Case No. 2:21-cv-643-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| Liberty Mutual Insurance Company, | ) | |
| Builders Mutual Insurance Company and | ) | (Non-Jury) |
| Pennsylvania National Mutual Casualty | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff, D.R. Horton, Inc. ("DRH"), by and through its undersigned counsel, and complaining of Defendants Liberty Mutual Insurance Company ("Liberty Mutual"), Builders Mutual Insurance Company ("Builders Mutual"), and Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), hereby alleges as follows:

1.  Plaintiff DRH is a Delaware corporation licensed to conduct business in South Carolina and owning property and conducting business in Charleston County, South Carolina.

2.  Defendant Liberty Mutual is a foreign insurer which is authorized to conduct and so conducts the business of insurance in South Carolina and insures interests and risks in South Carolina, including Charleston County.

3.  Defendant Builders Mutual is a foreign insurer which is authorized to conduct and so conducts the business of insurance in South Carolina and insures interests and risks in South Carolina, including Charleston County.

1

4. Defendant Penn National is a foreign insurer which is authorized to conduct and so conducts the business of insurance in South Carolina and insures interests and risks in South Carolina, including Charleston County.

5. This matter arises from a dispute concerning Defendants' respective obligations under insurance contracts which were issued, in the case of Liberty Mutual to Carolina Foundations, Inc. ("Carolina Foundations"), in the case of Builders Mutual to Navarro's Wallcovering & Painting, LLC ("Navarro's"), and in the case of Penn National to Advanced Flooring & Design, LLC ("Advanced Flooring"), and under each of which DRH is named as an additional insured, and under which insurance coverage is provided concerning risks and interests arising within the State of South Carolina, including Charleston County. More specifically, this matter arises from a dispute concerning Defendants' obligations to defend and indemnify DRH in connection with a lawsuit alleging damages due to defects associated with the construction of a residence within Charleston County and which was commenced in the Court of Common Pleas for Charleston County, South Carolina.

6. This Court has jurisdiction over the parties and the subject matter of this case, and venue is appropriate in District of South Carolina, Charleston Division.

## GENERAL ALLEGATIONS

7. DRH was a defendant in a lawsuit commenced in Charleston County, South Carolina captioned *Patrick and Carrie Sobak v. D.R. Horton, Inc.; Randy Floyd; Josh Meier; Advanced Flooring & Design Division of ISI, LLC; Carolina Foundations, Inc.; and Navarro's Wallcoverings & Paint, LLC*, Case No. 2016-CP-10-6703 (the "Lawsuit").

8.  In the Lawsuit, Patrick and Carrie Sobak (the "Sobaks") alleged that DRH and Defendants combined to construct a residence on property owned by them and located at 1290 Riverwalk Court, Charleston, South Carolina (the "Residence").

9.  The Sobaks further alleged DRH, Carolina Foundations, Inc. Navarro's Wallcoverings & Paint, LLC, and Advance Flooring & Design Division of ISI, LLC planned, designed and installed infrastructure without proper study, built the Residence while concealing its unfitness, that it was not habitable, that it was hazardous due to chemical contamination, and that unlawful and inappropriate materials were used in the construction.

10. The Sobaks further alleged that "As a result of Defendants' wrongful conduct, described above, and as shall be shown in greater particularity as discovery progresses, and as the further result of loss caused by accidental means and other occurrences, [the Sobaks] have suffered and incurred, and continue to suffer and incur, recoverable damages which include without limitation: loss of use of the [Residence] from the day they bought it to the present and continuing to accrue, constructive eviction from the [Residence], the denial of the benefit of their bargain, personal injury, medical expenses past and future, loss of enjoyment of life, mental anguish, emotional distress, pain and suffering, expert expenses, legal expenses, diminution in value of the [Residence], repair costs, environmental consulting costs, incidental and consequential damages, treble damages, and such other and further special and general and statutory damages as shall be proven in discovery and at trial."

11. The Residence was built in 2015 and a Certificate of Occupancy was issued on September 30, 2015.

**FACTUAL ALLEGATIONS SPECIFIC TO LIBERTY MUTUAL**

12. In the Lawsuit, the Sobaks alleged defects and damages as a result of the construction of the Residence.

13. Carolina Foundations, Inc. ("Carolina Foundations") performed work on the foundation and flooring of the Residence pursuant to an Independent Contractor Agreement between Carolina Foundations and DRH, dated January 15, 2015 (the "Carolina Foundations Contract").

14. DRH is entitled to enforce its rights under the Carolina Foundations Contract.

15. Pursuant to the Carolina Foundations Contract, Carolina Foundations was required to maintain a commercial general liability insurance policy naming DRH as an additional insured.

16. As evidenced by Certificates of Insurance and accompanying endorsements issued to DRH, Liberty Mutual issued a policy of commercial general liability insurance on an occurrence form to Carolina Foundations with Policy Number BKS(15)56124271 and having effective periods beginning on December 1, 2014, and renewed through December 1, 2016, under which DRH was an additional insured (the "Liberty Mutual Policy").

17. The Liberty Mutual Policy obligates Liberty Mutual to defend and indemnify an insured against a claim for property damage caused by an occurrence within the coverage territory.

18. The Lawsuit alleged a claim for property damage caused by an occurrence within the coverage territory and policy period arising from the work of Carolina Foundations, and DRH was sued for the same.

19. Pursuant to the Certificate of Insurance and additional insured endorsements to the Liberty Mutual Policy, at Form 22-134, CE 20 10 04 13 and CG 20 37 04 13, and such other policy language as may be pertinent, DRH is an insured under the Liberty Mutual Policy.

20. DRH demanded that Liberty Mutual provide DRH with a defense in the Lawsuit and indemnify DRH against the damages claimed therein. Liberty Mutual, without providing any meaningful response to DRH's tender, and without a good faith basis for denial, failed and refused to defend or indemnify DRH.

21. As a result of Liberty Mutual's neglect and refusal of DRH's tender, DRH was forced to incur the expense of defending the Lawsuit.

## FACTUAL ALLEGATIONS SPECIFIC TO BUILDERS MUTUAL

22. In the Lawsuit, the Sobaks alleged defects and damages as a result of the construction of the Residence.

23. Navarro's Wallcoverings & Paint, LLC ("Navarro's") performed work on the interior and exterior paint, drywall and sheetrock of the Residence pursuant to an Independent Contractor Agreement between Navarro's and DRH, dated December 29, 2011 (the "Navarro's Contract").

24. DRH is entitled to enforce its rights under the Navarro's Contract.

25. Pursuant to the Navarro's Contract, Navarro's was required to maintain a commercial general liability insurance policy naming DRH as an additional insured.

26. As evidenced by Certificates of Insurance and accompanying endorsements issued to DRH, Builders Mutual issued a policy of commercial general liability insurance on an occurrence form to Navarro's with Policy Number CPA0005101-0 and having effective periods beginning on March 17, 2015, and renewed through March 17, 2016, under which DRH was an additional insured. (hereinafter the "Builders Mutual Policy").

27. The Builders Mutual Policy obligates Builders Mutual to defend and indemnify an insured against a claim for property damage caused by an occurrence within the coverage territory.

28. The Lawsuit alleged a claim for property damage caused by an occurrence within the coverage territory and policy period arising from the work of Navarro's, and DRH was sued for the same.

29. Pursuant to the Certificate of Insurance and additional insured endorsements to the Builders Mutual Policy, at Form CG 70 34 07 09, and such other policy language as may be pertinent, DRH is an insured under the Builders Mutual Policy.

30. DRH demanded that Builders Mutual provide DRH with a defense in the Lawsuit and indemnify DRH against the damages claimed therein. Builders Mutual, without providing any meaningful response to DRH's tender, and without a good faith basis for denial, failed and refused to defend or indemnify DRH.

31. As a result of Builders Mutual's neglect and refusal of DRH's tender, DRH was forced to incur the expense of defending the Lawsuit.

## FACTUAL ALLEGATIONS SPECIFIC TO PENN NATIONAL

32. In the Lawsuit, the Sobaks alleged defects and damages as a result of the construction of the Residence.

33. Advanced Flooring & Design Division of ISI, LLC ("Advanced Flooring") performed work, including but not limited to, supplying and installing the hardwood flooring and all associated components, accessories and adhesives, as well as the carpeting for the Residence, pursuant to an Independent Contractor Agreement between Advanced Flooring and DRH, dated April 21, 2009 (the "Advanced Flooring Contract").

34. DRH is entitled to enforce its rights under the Advanced Flooring Contract.

35. Pursuant to the Advanced Flooring Contract, Advanced Flooring was required to maintain a commercial general liability insurance policy naming DRH as an additional insured.

36. As evidenced by Certificates of Insurance and accompanying endorsements issued to DRH, Penn National issued a policy of commercial general liability insurance on an occurrence form to Advanced Flooring with Policy Number CL90630781 and having effective periods beginning on April 12, 2014, and renewed through April 12, 2016, under which DRH was an additional insured. (hereinafter the "Penn National Policy").

37. The Penn National Policy obligates Penn National to defend and indemnify an insured against a claim for property damage caused by an occurrence within the coverage territory.

38. The Lawsuit alleged a claim for property damage caused by an occurrence within the coverage territory and policy period arising from the work of Advanced Flooring, and DRH was sued for the same.

39. Pursuant to the Certificate of Insurance and additional insured endorsements to the Penn National Policy, at Form 71 1145 0314, and such other policy language as may be pertinent, DRH is an insured under the Penn National Policy.

40. DRH demanded that Penn National provide DRH with a defense in the Lawsuit and indemnify DRH against the damages claimed therein. Penn National, without a good faith basis for denial, notified DRH by letter of July 12, 2018, that it refused to defend or indemnify DRH.

41. As a result of Penn National's neglect and refusal of DRH's tender, DRH was forced to incur the expense of defending the Lawsuit.

### FOR A FIRST CAUSE OF ACTION AGAINST LIBERTY MUTUAL
**(Declaratory Judgment)**

42. DRH incorporates Paragraph 1 through 41 of the Complaint by reference as if fully set forth herein.

7

43. This action is brought pursuant to S.C. Code Ann. § 15-53-10, *et seq.* (1962, as amended), seeking a declaration that Liberty Mutual was required to defend and indemnify DRH in connection with the Lawsuit.

44. DRH was entitled as an insured under the Liberty Mutual Policy to a defense of the Lawsuit by Liberty Mutual and to indemnity against the damages awarded therein from the same.

45. Despite DRH's status as an insured under the Liberty Mutual Policy and its tender of the Lawsuit to Liberty Mutual, Liberty Mutual failed and refused to defend DRH in the Lawsuit and continues to refuse to reimburse DRH for the costs of its defense.

46. A justiciable controversy exists between DRH and Liberty Mutual arising out of the Lawsuit and the Liberty Mutual Policy. Therefore, DRH asks this Court to construe and determine the rights of the parties and to declare that: 1) DRH is an insured under the Liberty Mutual Policy; and 2) Liberty Mutual was obligated to provide a defense to DRH in the Lawsuit and that it is now obligated to reimburse DRH for all expenses incurred, including attorneys' fees, in defense of the Lawsuit. DRH further asks this Court to determine and allocate amongst Liberty Mutual, Builders Mutual and Penn National the proportionate amount owed to DRH.

## FOR A SECOND CAUSE OF ACTION AGAINST LIBERTY MUTUAL
**(Bad Faith-Tort)**

47. DRH incorporates Paragraphs 1 through 46 of the Complaint by reference as if fully set forth herein.

48. There exists a mutually binding contract of insurance between DRH and Liberty Mutual.

49. Alternatively, DRH, as an additional insured in the Liberty Mutual Policy, is a third-party beneficiary of a mutually binding insurance contract between Liberty Mutual and Carolina Foundations.

8

50. Liberty Mutual failed to exercise reasonable care or diligence in processing and otherwise handling DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so and without making an adequate investigation of the pertinent issues and without a reasonable basis for denial of coverage.

51. Liberty Mutual's failure to properly process and handle DRH's tender and its refusal to provide a defense to and indemnify DRH is the result of Liberty Mutual's bad faith or unreasonable action in violation of the implied covenant of good faith and fair dealing arising from the insurance contract.

52. Liberty Mutual's conduct in failing to properly process and handle DRH's tender and its refusal to defend and indemnify DRH was unreasonable, willful and in reckless disregard of DRH's rights under the Liberty Mutual Policy.

53. As a result of Liberty Mutual's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Liberty Mutual.

54. DRH is entitled to an award of actual, consequential and punitive damages against Liberty Mutual.

### FOR A THIRD CAUSE OF ACTION AGAINST LIBERTY MUTUAL
**(Bad Faith Breach of Insurance Contract)**

55. DRH incorporates Paragraphs 1 through 54 of the Complaint by reference as if fully set forth herein.

56. This cause of action is brought pursuant to S.C. Code Ann. § 38-59-40 (1987, as amended).

57. There exists a mutually binding contract of insurance between DRH and Liberty Mutual.

58. Alternatively, DRH, as an additional insured under the Liberty Mutual Policy, is a third-party beneficiary of a mutually binding insurance contract between Liberty Mutual and Carolina Foundations.

59. Liberty Mutual failed and refused to process and otherwise handle DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so.

60. Liberty Mutual's failure to properly process and handle DRH's tender and its refusal to provide a defense to and indemnify DRH is the result of Liberty Mutual's bad faith or unreasonable action in violation of the implied covenant of good faith and fair dealing arising from the contract.

61. As a result of Liberty Mutual's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Liberty Mutual.

62. DRH is entitled to an award of actual and consequential damages as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

### FOR A FOURTH CAUSE OF ACTION AGAINST LIBERTY MUTUAL
**(Breach of Contract)**

63. DRH incorporates Paragraphs 1 through 62 of the Complaint by reference as if fully set forth herein.

64. There exists a mutually binding contract of insurance between DRH and Liberty Mutual.

65. Alternatively, DRH, as an additional insured under the Liberty Mutual Policy, is a third-party beneficiary of a mutually binding insurance contract between Liberty Mutual and Carolina Foundations.

66. Liberty Mutual failed and refused to process and otherwise handle DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so.

67. As a result of Liberty Mutual's breach of contract, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Liberty Mutual.

68. DRH is entitled to an award of actual and consequential damages against Liberty Mutual.

**FOR A FIRST CAUSE OF ACTION AGAINST BUILDERS MUTUAL**
**(Declaratory Judgment)**

69. DRH incorporates Paragraphs 1 through 68 of the Complaint by reference as if fully set forth herein.

70. This action is brought pursuant to S.C. Code Ann. § 15-53-10, *et seq*. (1962, as amended), seeking a declaration that Builders Mutual was required to defend and indemnify DRH in connection with the Lawsuit.

71. DRH was entitled as an insured under the Builders Mutual Policy to a defense of the Lawsuit by Builders Mutual and to indemnity against the damages awarded therein from the same.

72. Despite DRH's status as an insured under the Builders Mutual Policy and its tender of the Lawsuit to Builders Mutual, Builders Mutual failed and refused to defend DRH in the Lawsuit and continues to refuse to reimburse DRH for the costs of its defense.

73. A justiciable controversy exists between DRH and Builders Mutual arising out of the Lawsuit and the Builders Mutual Policy. Therefore, DRH asks this Court to construe and determine the rights of the parties and to declare that: 1) DRH is an insured under the Builders

11

Mutual Policy; and 2) Builders Mutual was obligated to provide a defense to DRH in the Lawsuit and that it is now obligated to reimburse DRH for all expenses incurred, including attorneys' fees, in defense of the Lawsuit. DRH further asks this Court to determine and allocate amongst Liberty Mutual, Builders Mutual and Penn National the proportionate amount owed to DRH.

## FOR A SECOND CAUSE OF ACTION AGAINST BUILDERS MUTUAL
**(Bad Faith-Tort)**

74. DRH incorporates Paragraphs 1 through 73 of the Complaint by reference as if fully set forth herein.

75. There exists a mutually binding contract of insurance between DRH and Builders Mutual.

76. Alternatively, DRH, as an additional insured in the Builders Mutual Policy, is a third-party beneficiary of a mutually binding insurance contract between Builders Mutual and Navarro's.

77. Builders Mutual failed to exercise reasonable care or diligence in processing and otherwise handling DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so and without making an adequate investigation of the pertinent issues and without a reasonable basis for denial of coverage.

78. Builders Mutual's failure to properly process and handle DRH's tender and its refusal to provide a defense to and indemnify DRH is the result of Builders Mutual's bad faith or unreasonable action in violation of the implied covenant of good faith and fair dealing arising from the insurance contract.

79. Builders Mutual's conduct in failing to properly process and handle DRH's tender and its refusal to defend and indemnify DRH was unreasonable, willful and in reckless disregard of DRH's rights under the Builders Mutual Policy.

80. As a result of Builders Mutual's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Builders Mutual.

81. DRH is entitled to an award of actual, consequential and punitive damages against Builders Mutual.

### FOR A THIRD CAUSE OF ACTION AGAINST BUILDERS MUTUAL
**(Bad Faith Breach of Insurance Contract)**

82. DRH incorporates Paragraphs 1 through 81 of the Complaint by reference as if fully set forth herein.

83. This cause of action is brought pursuant to S.C. Code Ann. § 38-59-40 (1987, as amended).

84. There exists a mutually binding contract of insurance between DRH and Builders Mutual.

85. Alternatively, DRH, as an additional insured under the Builders Mutual Policy, is a third-party beneficiary of a mutually binding insurance contract between Builders Mutual and Navarro's.

86. Builders Mutual failed and refused to process and otherwise handle DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so.

87. Builders Mutual's failure to properly process and handle DRH's tender and its refusal to provide a defense to and indemnify DRH is the result of Builders Mutual's bad faith or unreasonable action in violation of the implied covenant of good faith and fair dealing arising from the contract.

88. As a result of Builders Mutual's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Builders Mutual.

89. DRH is entitled to an award of actual and consequential damages as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

### FOR A FOURTH CAUSE OF ACTION AGAINST BUILDERS MUTUAL
**(Breach of Contract)**

90. DRH incorporates Paragraphs 1 through 89 of the Complaint by reference as if fully set forth herein.

91. There exists a mutually binding contract of insurance between DRH and Builders Mutual.

92. Alternatively, DRH, as an additional insured under the Builders Mutual Policy, is a third-party beneficiary of a mutually binding insurance contract between Builders Mutual and Navarro's.

93. Builders Mutual failed and refused to process and otherwise handle DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so.

94. As a result of Builders Mutual's breach of contract, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Builders Mutual.

95. DRH is entitled to an award of actual and consequential damages against Builders Mutual.

### FOR A FIRST CAUSE OF ACTION AGAINST PENN NATIONAL
(Declaratory Judgment)

96. DRH incorporates Paragraphs 1 through 95 of the Complaint by reference as if fully set forth herein.

97. This action is brought pursuant to S.C. Code Ann. § 15-53-10, *et seq*. (1962, as amended), seeking a declaration that Penn National was required to defend and indemnify DRH in connection with the Lawsuit.

98. DRH was entitled as an insured under the Penn National Policy to a defense of the Lawsuit by Penn National and to indemnity against the damages awarded therein from the same.

99. Despite DRH's status as an insured under the Penn National Policy and its tender of the Lawsuit to Penn National, Penn National failed and refused to defend DRH in the Lawsuit and continues to refuse to reimburse DRH for the costs of its defense.

100. A justiciable controversy exists between DRH and Penn National arising out of the Lawsuit and the Penn National Policy. Therefore, DRH asks this Court to construe and determine the rights of the parties and to declare that: 1) DRH is an insured under the Penn National Policy; and 2) Penn National was obligated to provide a defense to DRH in the Lawsuit and that it is now obligated to reimburse DRH for all expenses incurred, including attorneys' fees, in defense of the Lawsuit. DRH further asks this Court to determine and allocate amongst Liberty Mutual, Builders Mutual and Penn National the proportionate amount owed to DRH.

### FOR A SECOND CAUSE OF ACTION AGAINST PENN NATIONAL
(Bad Faith-Tort)

101. DRH incorporates Paragraphs 1 through 100 of the Complaint by reference as if fully set forth herein.

102. There exists a mutually binding contract of insurance between DRH and Penn National.

103. Alternatively, DRH, as an additional insured in the Penn National Policy, is a third-party beneficiary of a mutually binding insurance contract between Penn National and Advanced Flooring.

104. Penn National failed to exercise reasonable care or diligence in processing and otherwise handling DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so and without making an adequate investigation of the pertinent issues and without a reasonable basis for denial of coverage.

105. Penn National's failure to properly process and handle DRH's tender and its refusal to provide a defense to and indemnify DRH is the result of Penn National's bad faith or unreasonable action in violation of the implied covenant of good faith and fair dealing arising from the insurance contract.

106. Penn National's conduct in failing to properly process and handle DRH's tender and its refusal to defend and indemnify DRH was unreasonable, willful and in reckless disregard of DRH's rights under the Penn National Policy.

107. As a result of Penn National's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Penn National.

108. DRH is entitled to an award of actual, consequential and punitive damages against Penn National.

## FOR A THIRD CAUSE OF ACTION AGAINST PENN NATIONAL
### (Bad Faith Breach of Insurance Contract)

109. DRH incorporates Paragraphs 1 through 108 of the Complaint by reference as if fully set forth herein.

110. This cause of action is brought pursuant to S.C. Code Ann. § 38-59-40 (1987, as amended).

111. There exists a mutually binding contract of insurance between DRH and Penn National.

112. Alternatively, DRH, as an additional insured under the Penn National Policy, is a third-party beneficiary of a mutually binding insurance contract between Penn National and Advanced Flooring.

113. Penn National failed and refused to process and otherwise handle DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so.

114. Penn National's failure to properly process and handle DRH's tender and its refusal to provide a defense to and indemnify DRH is the result of Penn National's bad faith or unreasonable action in violation of the implied covenant of good faith and fair dealing arising from the contract.

115. As a result of Penn National's conduct, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Penn National.

116. DRH is entitled to an award of actual and consequential damages as well as all reasonable attorneys' fees incurred in the prosecution of this matter.

## FOR A FOURTH CAUSE OF ACTION AGAINST PENN NATIONAL
**(Breach of Contract)**

117. DRH incorporates Paragraphs 1 through 116 of the Complaint by reference as if fully set forth herein.

118. There exists a mutually binding contract of insurance between DRH and Penn National.

119. Alternatively, DRH, as an additional insured under the Penn National Policy, is a third-party beneficiary of a mutually binding insurance contract between Penn National and Advanced Flooring.

120. Penn National failed and refused to process and otherwise handle DRH's tender and failed and refused to provide a defense to and indemnify DRH in connection with the Lawsuit despite its contractual duty to do so.

121. As a result of Penn National's breach of contract, DRH has been damaged in the form of attorneys' fees and costs expended in defending the Lawsuit, all of which should have been paid by Penn National.

122. DRH is entitled to an award of actual and consequential damages against Penn National.

WHEREFORE, Plaintiff, D.R. Horton, Inc. prays that this Court:

1. Render judgment in DRH's favor against Defendants as to each of the Causes of action alleged above;

2. Render the declarations requested within DRH's First Causes of Action as to each Defendant and order Defendants to reimburse DRH according to the same;

3.      Award DRH actual and consequential damages against Defendants, to include without limitation, reimbursement for all attorneys' fees and defense costs incurred in defense of the Lawsuit;

4.      Award DRH punitive damages against Defendants;

5.      Award DRH attorneys' fees and costs incurred in the prosecution of this action against Defendants; and

6.      For such other and further relief as the Court deems just and proper.

ROE CASSIDY COATES & PRICE PA

By:    s/Ross B. Plyler_____
Ross B. Plyler, Fed. ID No. 9409
rplyler@roecassidy.com
1052 North Church Street (29601)
Post Office Box 10529
Greenville, SC 29603
T: 864.349.2600
F: 864.349.0303

COUNSEL FOR PLAINTIFF
D.R. HORTON, INC.

Greenville, South Carolina
March 5, 2021

19